IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRUNO SCHUSCHNY,
    Petitioner,

vs.                                    Case No. 3:08cv441/LAC/EMT

SCOTT FISHER, Warden,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1). Respondent filed an answer (Doc. 9). Petitioner filed a reply (Doc. 13).

I.    BACKGROUND

        On March 31, 2005, Petitioner was convicted in the New York County Supreme Court of possession of forged instruments and identify theft, and sentenced to 2–6 years and 1–3 years, respectively (Doc. 9, Declaration of J.R. Johnson ¶ 9). In July and August of 2006, while Petitioner was on work release from the New York Department of Correctional Services, Petitioner committed federal offenses of identity theft and attempting to utter false securities of the United States (*id.*, ¶ 10). Petitioner was removed from the state work release program when he failed a drug test on August 25, 2006, and incarcerated for the remainder of his state sentence (*id.*, ¶ 11). On May 15, 2007, Petitioner was interviewed by the state parole board, and the next day, the parole board issued a Release Decision Notice approving an "Open Date" for release on parole as June 27, 2007, or earlier, upon receipt of an approved field investigation (*see* Doc. 1, Ex. A). On May 24, 2007, the United States Marshals Service (USMS) removed Petitioner from state custody pursuant to a writ of habeas corpus ad prosequendum issued by the United States District Court for the Northern District of New York (Doc. 9, Johnson Decl. ¶ 12, Attachments 1, 4). Petitioner pleaded guilty to one count of fraud with identification documents and one count of passing counterfeit obligations

or securities.  *See* <u>United States v. Schuschny</u>, Case No. 1:07cr00234-TJM-1, Docket Entries 12, 13; <u>United States v. Schuschny</u>, Case No. 1:07cr00545-TJM-1, Docket Entry 2.  On April 25, 2008, the federal court imposed concurrent sentences of five (5) months of incarceration in each case, to run consecutively to the state parole sentence Petitioner was then serving (Doc. 9, Johnson Decl. ¶ 13, Attachment 5).  <u>Schuschny</u>, Case No. 1:07cr00234-TJM-1, Docket Entries 19, 20, 22;  <u>Schuschny</u>, Case No. 1:07cr00545-TJM-1, Docket Entries 9, 10, 12.  Petitioner faced a sentencing range of 12–18 months, but the federal court adjusted the sentence, pursuant to United States Sentencing Guidelines (U.S.S.G.) § 5G1.3(b)(1), by crediting Petitioner with (10) months, for which Petitioner would not otherwise receive credit by the Federal Bureau of Prisons (BOP) (Doc. 1, Ex. C; Doc. 9, Johnson Decl. ¶ 13, Attachments 5, 6).  Petitioner states that the 10-month credit was to compensate him for the period from June 27, 2007, the date he was due to be released on state parole, to April 25, 2008, the date of his federal sentencing (*see* Doc. 1, supporting memorandum at 2–3).

After Petitioner's federal sentencing, he was returned to the New York Department of Correctional Services (Doc. 9, Johnson Decl. ¶ 14, Attachment 4).  On August 1, 2008, Petitioner was released from the New York Department of Correctional Services to the USMS, and the BOP began computing Petitioner's federal sentence from that date (*id.*, ¶ 15, Attachments 2, 3).

On September 7, 2008, Petitioner filed an informal grievance with the institutional staff challenging the BOP's failure to award him good conduct time (GCT) (Doc. 1, Ex. D).  BOP staff forwarded the grievance to the Designation and Sentence Computation Center (DSCC), and the DSCC responded that the federal court ordered Petitioner's federal sentence to run consecutive to the state sentence, and Petitioner was released on the state sentence on August 1, 2008; therefore, his release date was December of 2008 (*id.*).  Petitioner then submitted another informal grievance to the same staff member complaining that the DSCC's response did not address the issue and asking whether the previous response was a "final answer" from the BOP, and whether the DSCC had reviewed all of the paperwork he had sent (Doc. 1, Ex. E).  The staff member responded that all of Petitioner's paperwork was sent to DSCC, the DSCC reviewed it, and he received its response (*id.*).  Petitioner then filed the instant habeas petition challenging the BOP's failure to award him GCT.

Respondent contends that Petitioner failed to exhaust his administrative remedies because he failed to file a request for administrative remedy with the institution and failed to file an appeal to the Regional Director and the General Counsel (Doc. 9 at 3–4, 7–8, Johnson Decl. ¶¶ 6–8). Additionally, Respondent contends Petitioner is not entitled to GCT because according to 18 U.S.C. § 3624(b) and the BOP Program Statement interpreting that statute, Program Statement 5880.28, a prisoner who is serving a term of imprisonment of less than one year is not entitled to GCT (*id.*, ¶ 19, Attachment 7).

II.   STANDARD OF REVIEW

Acting through the BOP, the federal Attorney General initially possesses the exclusive authority to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a), and to compute sentence credit awards after sentencing. United States v. Wilson, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (citing 18 U.S.C. § 3621(a)); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction. *See* Rodriguez, 60 F.3d at 747. The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "must give effect to the unambiguously expressed intent of Congress." If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* (citing Chevron USA Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)).

III.  ANALYSIS

Regardless of whether Petitioner exhausted his administrative remedies, he is not entitled to federal habeas relief. As previously noted, Petitioner challenges the BOP's failure to award him GCT on his federal sentence (Doc. 1 at 3). He contends that the federal sentencing court imposed a 15-month sentence, five months of incarceration and a ten-month sentence credit; therefore, he is entitled to GCT pursuant to 18 U.S.C. § 3624(b) (*id.* at 3, supporting memorandum at 1–4). In support of his contention, he submitted a copy of the Statement of Reasons issued by the federal sentencing court, which states the following: (1) the court adopted the presentence investigation

report without change, (2) the court determined that the advisory guideline range of imprisonment was 12 to 18 months, and (3) the court stated that the sentence was within an advisory guideline range that was not greater than 24 months, and the court found no reason to depart (*see* Doc. 1, Ex. D). Petitioner states the reason for the ten-month credit on his federal sentence was the federal court's recognition that had it not been for the federal detainer, Petitioner would have been released from state prison, albeit on parole supervision, on June 27, 2007 (*see* Doc. 13). In support of his claim Petitioner cites Kelly v. Daniels, 469 F. Supp. 2d 903 (D. Or. 2007) (holding that Bureau of Prisons was required to calculate prisoner's good conduct time based on 70-month term of imprisonment for federal firearms conviction, although sentencing judge adjusted 70-month term to 42 months to give prisoner credit for 28-month period he had already served on related state conviction, where judge ordered federal sentence to run concurrently with state sentence, thus prisoner's 28 months in state prison was counted as a portion of his total federal sentence).

Section 3624 provides, in relevant part:

**(b) Credit toward service of sentence for satisfactory behavior.--**

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year [FN1] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

[FN1] So in original. Probably should be followed by a comma.

18 U.S.C. § 3624(b). The Program Statement implementing § 3624(b) provides, "No GCT can be earned on, or awarded to, a sentence of one year or less." (Doc. 9, Attachment 7).

In the instant case, it is clear that the federal sentencing judge determined that a range of 12–18 months of imprisonment was an appropriate range under the advisory guidelines, and there was no reason to depart from that range, as evidenced by the Statement of Reasons (*see* Doc. 1, Ex. D). It also clear that the court adjusted Petitioner's sentence of imprisonment for the 10-month period he already served on the parole portion of his state sentence, pursuant to U.S.S.G. § 5G1.3(b)(1), and imposed a total term of imprisonment of only five (5) months in the custody of

the BOP, as evidenced by the Judgment and Commitment order (*see* Doc. 9, Attachment 5).  It is not clear, however, that the sentencing judge intended to sentence Petitioner to a 15-month term because he made no mention of a 15-month term in the Statement of Reasons or the Judgment and Commitment, unlike the facts in Kelly.  Furthermore, the sentencing judge in the instant case ordered the federal sentence to run consecutively to Petitioner's undischarged state term, which was not the case in Kelly; therefore, the ten (10) months that Petitioner had served on the parole portion of his state sentence is not counted as a portion of his total federal sentence.  In the absence of a clear indication that the federal sentencing judge imposed or intended to impose a term of imprisonment of more than one year, it was not unreasonable for the BOP to determine that Petitioner was serving a term of imprisonment of only five (5) months.  Accordingly, the BOP's failure to award GCT was not an unreasonable or arbitrary interpretation of § 3624(b)(1), and its decision is therefore entitled to deference under Chevron.

Additionally, to the extent Petitioner contends the BOP should have calculated his commencement date as prior to August 1, 2008, his argument is without merit.  Section 3585 provides:

> **(a)     Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585.  The BOP has interpreted § 3585 in Program Statement 5880.28, which provides:

> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person).  This type of designation is ordinarily made only upon the recommendation of the sentencing court.
>
> **In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

Department of Justice, Federal Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCA of 1984, Program Statement 5880.28, p. 1–13) (Feb. 21, 1992).

In the instant case, Petitioner does not dispute that he was received into federal custody from state custody on August 1, 2008 (*see* Doc. 1, supporting memorandum at 3).  Additionally, although

Case No. 3:08cv441/LAC/EMT

the federal sentencing court recommended that Petitioner be designated at a facility as close to Pembroke, Florida as possible (*see* Doc. 9, Attachment 5), the court did not recommend that the BOP designate a <u>state</u> correctional facility as the facility where Petitioner was to serve his federal sentence.  Therefore, the BOP's calculation of Petitioner's commencement date as August 1, 2008, was not contrary to or an unreasonable interpretation of § 3585(a).  Accordingly, the BOP's calculation of Petitioner's commencement date is also entitled to deference under <u>Chevron</u>.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

That Petitioner's petition for writ of habeas corpus (Doc. 1) be **DENIED** and the clerk be directed to close the file.

At Pensacola, Florida, this <u>18th</u> day of November 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**